JOSHUA E. KIRSCH (1749110)
GIBSON ROBB & LINDH LLP
1255 Powell Street
Emeryville, California 94608
Telephone:    (415) 348-6000
Facsimile:     (415) 348-6001
Email:           jkirsch@gibsonrobb.com

Attorneys for Plaintiff
ALLIANZ JINGDONG GENERAL
INSURANCE COMPANY LTD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLIANZ JINGDONG GENERAL INSURANCE COMPANY LTD, a corporation,<br><br>Plaintiff,<br><br>v.<br><br>EXPEDITORS INTERNATIONAL OF WASHINGTON, INC., a corporation,<br><br>Defendant. | Case No. 3:22-cv-03587<br><br>**COMPLAINT FOR BREACH OF CONTRACT OF CARRIAGE SUBJECT TO MONTREAL CONVENTION (DAMAGE TO AIR CARGO)**<br><br>(Damages in the sum of $103,820.00) |

Plaintiff's complaint follows:

1.   Plaintiff ALLIANZ JINGDONG GENERAL INSURANCE COMPANY LTD, a corporation ("ALLIANZ") is now, and at all times herein material was, a corporation duly organized and existing by virtue of law and was the insurer of the hereinafter described shipment.

2.   Plaintiff is informed and believe and on the basis of that information and belief alleges that EXPEDITORS INTERNATIONAL OF WASHINGTON, INC., a corporation; (hereafter "Defendant"), is now and at all times material was an entity engaged in business as a common carrier for hire within the United States and within this judicial district, as well as the countries of Malaysia and China.  Defendant is domiciled in the United States and maintains an office located at 425 Valley Drive, Brisbane, California 94005.

3. The claims alleged herein are causes of action for damage to cargo arising under treaties and statutes of the United States, namely the Convention for the Unification of Certain Rules for International Carriage, done at Montreal on May 28, 1999 ("Montreal Convention"), ICAO Doc. No. 9740 (entered into force on November 4, 2003), reprinted in S. Treaty Doc. No. 106-45, 1999 WL 33292734.  Accordingly, this Court has jurisdiction over these claims pursuant to 28 U.S.C. §1331.  Defendant resides in this district and venue is therefore proper under 28 U.S.C. 1391(b), as well as under Articles 33 and 46 of the Montreal Convention.

4. Plaintiffs are informed and believe, and on the basis of such information and belief allege that, on or about June 19, 2020, at Penang, Malaysia, Defendants received a cargo of an optical inspection system for carriage under air waybills and/or booking nos. 160 21035652, 4720578399, and others, issued by and/or on behalf of said defendant.  Defendant agreed, under contracts of carriage and in return for good and valuable consideration, to carry said cargo from Penang, Malaysia, to Pudong, China without delay and as booked, and there deliver said magnets to the lawful holder of the aforementioned air waybills, and others, in the same good order, condition, and quantity as when received.

5. Thereafter, in breach of and in violation of said agreements, Defendants did not deliver said cargo in the same good order and condition as when received at Penang, Malaysia.  To the contrary, said defendants, and each of them, damaged the cargo in transit, resulting in a significant loss.  Furthermore, defendant failed to deliver the cargo at destination.

6. Within 14 days of the delivery of the cargo at Penang, Malaysia, timely written notice of complaint due to the cargo damage was made to defendants, in compliance with Article 31(3) and 31(4) of the Montreal Convention.

7. Prior to the shipment of the herein described cargo and prior to any loss thereto, plaintiff ALLIANZ issued its policy of insurance whereby plaintiff ALLIANZ agreed to indemnify the owner of said cargo, and its assigns, against loss of or damage to said cargo while in transit, including mitigation expenses, and plaintiff ALLIANZ has therefore become obligated to pay, and has paid, to the person entitled to payment under said policy the sum of $103,820.00, which is the depreciation in value of the damaged cargo, on account of the herein described loss.

8. Plaintiff has therefore been damaged in the sum of $103,820.00, no part of which has been paid, despite demand therefor.

WHEREFORE, plaintiff prays that this Court enter judgment in its favor and against the defendant; that this Court decree payment by defendant to plaintiff in the sum of $103,820.00, together with prejudgment interest thereon and costs of suit herein; and that plaintiff have such other and further relief as in law and justice it may be entitled to receive.

Respectfully submitted,

Dated: June 17, 2022            GIBSON ROBB & LINDH LLP


/s/ JOSHUA E. KIRSCH
Joshua E. Kirsch
jkirsch@gibsonrobb.com
Attorney for Plaintiff
ALLIANZ JINGDONG GENERAL INSURANCE COMPANY LTD